UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV81–EHJ

ANITA J. MILLER                                                                              PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                     DEFENDANT

## MEMORANDUM OPINION

This case is before the Court upon plaintiff Anita Miller's objections to the proposed report and recommendations of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed report and recommendations should be adopted, and the decision of the Commissioner should be affirmed.

Ms. Miller filed an application for disability insurance and SSI benefits on August 21, 2002, alleging that she became disabled on March 1, 2002 as a result of two herniated discs. After a hearing on May 4, 2004, Administrative Law Judge Gary Flenner ("ALJ") found that Ms. Miller has a severe impairments of degenerative disc disease of the cervical, thoracic and lumbar spine, a major depressive disorder and an anxiety related disorder, but that these conditions do not meet or medically equal listed impairments. The ALJ found that Ms. Miller retains the residual functional capacity to perform a limited range of light work. Though she may not return to her previous work as a school bus driver for handicapped children, she may return to her previous work as a mail sorter.

The plaintiff has filed objections to the magistrate's report, arguing that 1) Dr. McCord's opinions should have been given controlling weight; 2) the ALJ did not state sufficient bases for

rejecting Dr. McCord's opinions; 3) the ALJ failed to properly evaluate the claimant's mental impairments; and 4) the ALJ failed to consider the report from the Kentucky Department of Vocational Rehabilitation and a radiology report that indicates the claimant's spinal condition could result in severe radicular pain in analyzing claimant's complaints of disabling pain.

The Court has reviewed the medical evidence of record, particularly that of Dr. McCord and finds no misapplication of the treating physician rule. The ALJ was not bound to follow Dr. McCord's opinion of "100% fully disabled" as that is an issue reserved to the Commissioner. The only other opinion was with regard to the claimant's postural limitations, which were in direct conflict with those rendered by another of her treating physicians, Dr. Schoettle. Thus, it was not error for the ALJ to reject Dr. McCord's opinion. Additionally, this Court's review of the Decision reveals sufficient bases for the ALJ's rejection of Dr. McCord's opinion. There simply is no error in the ALJ's rejection of Dr. McCord's opinions, and the ALJ sufficiently explained his reasoning in so doing.

Similarly, the Court has reviewed the evidence of record pertaining to the claimant's mental impairments and finds no misapplication of the law. As a non-treating medical source, the opinions of Dr. Anchor were not entitled to controlling weight. Additionally, as noted by the Commissioner, the findings of state consultative evaluator Dr. Cabeza were the basis for a later state agency non-examining physician's opinions as set forth in a mental residual functional capacity opinion (Tr. 266-69). The ALJ was well within his discretion in adopting Dr. Cabeza's evaluation (and the subsequent state agency residual functional capacity opinion) as being more consistent with the record as a whole than the opinions of Dr. Anchor.

Finally, the claimant urges that the ALJ failed to include in his disabling pain analysis a state

agency report that suggests Ms. Miller is unable to work due to residual chronic pain and emotional problems from her back injury (Tr. 134). Additionally, the claimant urges that the ALJ failed to properly consider a radiology report that indicates "significant pathology at the T11 interspace . . . that should be causing very extensive radicular pain." (Tr. 227) While there certainly appears to be objective medical evidence of a medical condition that could cause the pain complained of by the claimant, the Court is reminded that a significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter, <u>Villareal v. Secretary</u>, 818 F.2d 461, 463 (6th Cir. 1987). Discounting a claimant's credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence, <u>Walters v. Commissioner</u>, 127 F.3d 525, 532 (6th Cir. 1997). This Court is not in a position to second-guess the credibility determination of the ALJ in this case, as his credibility assessment is supported by substantial evidence and he sufficiently explained his reasons for rejecting Ms. Miller's claims of disabling pain.

In sum, the magistrate's analysis of the issues and application of the law are appropriate, and his recommendations are adopted. While the Court is sympathetic to Ms. Miller's situation, it finds no misapplication of the regulations. Though this Court may have analyzed the evidence differently to reach a contrary conclusion, it is bound to uphold the Commissioner, <u>Crum v. Sullivan</u>, 921 F.2d 642, 644 (6th Cir. 1990).